UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

IGNACIO ALCANTARA MORENO,

Plaintiff,

v.

Kristi Noem, Secretary of DEPARTMENT OF HOMELAND SECURITY,
Todd M. Lyons , Director of Immigration & Customs Enforcement,
Kenneth Genalo, Director of Enforcement and Removal Operations with ICE,
Joseph Pujoli, Acting Assistant NYC Field Office Director, ICE,
in their official capacity
Defendants.

Civil Action No. 1:26-cv-176

_____

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

*(Administrative Procedure Act, 5 U.S.C. §§ 701–706)*

_____

NATURE OF THE ACTION

1.  This is an action for judicial review of unlawful agency action taken by Defendants Department of Homeland Security ("DHS") and United States Immigration and Customs Enforcement ("ICE") in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, the Immigration and Nationality Act ("INA"), the Due Process Clause of the Fifth Amendment and under the Equal Protection Clause of the Fourteenth Amendment.

2.  Defendants arrested, detained, transferred across multiple jurisdictions, and ultimately removed Plaintiff without notice, without service of any charging document, without explanation, and without a hearing, despite having notice of of Plaintiff's s decades-long residence in the United States, family ties and pending applications for lawful status.

3.  Defendants' actions were arbitrary, capricious, contrary to law, beyond their statutory authority, and without observance of procedure required by law, and therefore must be set aside.

JURISDICTION AND VENUE

4.  This Court has jurisdiction pursuant to 5 U.S.C. §§ 702 and 706 (the Administrative Procedure Act (APA)) and pursuant to  28 U.S.C. § 1331 (federal question). Because the

1

government lacked lawful authority to deport Petitioner in the manner it did, the removal was void ab initio, and the Court may order relief restoring the status quo ante.

5. Sovereign immunity is waived under 5 U.S.C. § 702 for actions seeking non-monetary relief against federal agencies and officers.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C) because Plaintiff resided in this District, the events giving rise to the claims occurred in this District, and Defendants conduct official business here.

## PARTIES

7. Plaintiff, Ignacio Alcantara Moreno is a forty-seven (47) year old long-time resident of Queens County New York who has resided in the United States, without interruption for approximately twenty-six (26) years. He is the father of a US military service member.

8. Defendant, Department of Homeland Security (DHS) , is a federal agency responsible for immigration enforcement and adjudication.

9. Defendant, U.S. Immigration and Customs Enforcement (ICE) is a component agency of DHS charged with immigration enforcement.

10. Defendant, Kristi Noem is the Secretary of Homeland Security and is sued in her official capacity.

11. Defendant, Todd M. Lyons is the Director of ICE and is sued in his official capacity.

12. Defendant, Kenneth Genalo is the Director of Enforcement and Removal Operations (ERO), a section of ICE and is sued in his official capacity.

13. Defendant, Joseph Pujol is the Acting Assistant NYC Field Office Director for ICE and is sued in his official capacity.

## FACTUAL ALLEGATIONS

14. On the evening of December 21, 2025, Plaintiff and his United States Citizen (USC) son were walking to a grocery store near their home in Corona, Queens County, New York when they were suddenly surrounded by masked ICE agents without cause and asked whether they were US citizens. ICE agents demanded to see their Identification (ID). Plaintiff and his son did not respond or provide their IDs to the agents. Then ICE arrested them.

15. After scanning the face of Plaintiff's son, he was later released. Plaintiff was taken to an unknown location near Flushing Meadow Park where he was made to wait in the cold for over five (5) hours.

16. Upon information and belief,  Plaintiff was later taken to a facility in Manhattan, and then transferred to Delaney Hall Detention Facility in Newark, New Jersey.

17. Upon information and belief, at no time during the arrest did the officers identify themselves, explain the reason for Plaintiff's arrest, or advise him of any rights.

18. Upon information and belief, at no time was Plaintiff given any advisal regarding his rights or information regarding transfer.

19. On December 23, 2025, undersigned counsel filed a Form G-28 Notice of Appearance as attorney, electronically, through ICE ERO's E-File system.

20. On December 24, 2025, counsel notified the New York City ICE Field Office, and provided compelling evidence of Plaintiff's long-term residence in the United States since 1999 to the present, of his pending immigration benefit applications, and gave notice that Plaintiff was not subject to expedited removal under INA § 235(b)(1)(A)(iii)(II). Counsel also requested Plaintiff's release, explaining  he was not a danger to the community or a flight risk, and deferred action.

21. On December 26, 2025, Acting Assistant Field Office Director Joseph Pujoli responded that Plaintiff was "in transit" and advised counsel to address inquiries to the next field office and gave no further information.

22. Plaintiff was subsequently transferred to Adams County Correctional Center, 20 Hobo Fork Road, Natchez, Mississippi, which is under the jurisdiction of the Oakdale LA Sub-Office of the New Orleans LA ICE Field Office.

23. Upon learning Plaintiff's location, on December 30, 2025, counsel notified the New Orleans Field Office of Plaintiff's twenty-six-year (26) residence, family ties, and pending applications, and that Plaintiff was not subject to expedited removal. Counsel also requested Plaintiff's release, explaining he was not a danger to the community or a flight risk, and deferred action.

24. Telephone messages were also left by counsel with the New York, Oakdale, and New Orleans Field Offices, and notified the ERO general outreach office of Plaintiff's status as a long-time resident of Queens County, NY, USA.

25. At no time was Plaintiff nor the undersigned counsel served with: a charging document commencing removal proceedings under INA § 240 as required by INA § 239(1) and 8 CFR. 292. 5, or a notice indicating placement in expedited removal proceedings under

3

INA § 235, such as form I-860 notice of expedited removal order as required by 8 CFR. 253.3(b)(2).

26. Upon information and belief, at no time during his detention did plaintiff sign any documents waiving his rights or withdrawing his application for admission.

27. Plaintiff was never brought before an Immigration Judge and  afforded a hearing and given due process  as required by the US Constitution due to Plaintiff's long term residence and ties in the US.

28. It is unknown whether Plaintiff was placed in expedited removal proceedings.

29. Upon information and belief, on the night of January 8, 2026, Plaintiff was removed/deported to Mexico without prior notice and without his wallet and telephone which was on his person at the time of his arrest.

30. Prior to his arrest, Plaintiff was a law-abiding, gainfully employed Queens. New York resident of 26 years, who declared income and paid taxes annually, supported his family, and maintained deep community ties.

31. Plaintiff has a pending I-130 family relative petition and a pending military parole-in-place application with U.S. Citizenship and Immigration Services (CIS), rendering him prima facie eligible for adjustment of status to that of a lawful permanent resident.

32. Neither Plaintiff nor undersigned counsel were ever served with a charging document as required by INA §§ 239 and 240. Plaintiff was prima facie eligible for relief from removal had he been given due process of law.

33. Plaintiff was denied due process of law during his arrest, detention and removal.

34. It remains unknown whether Plaintiff was placed in any immigration proceeding or simply sent back to Mexico as if he had recently arrived and caught crossing the Southern border.  Upon information and belief, DHS does  administratively return Mexican nationals caught crossing the Southern US border after fingerprinting them.

35. The plaintiff will suffer prolonged and irreparable harm if he is not returned to the USA.

## FINAL AGENCY ACTION

36. Defendants' detention, transfer, and removal of Plaintiff constitute final agency action under 5 U.S.C. § 704, as they marked the consummation of the agency's decision-making process and determined Plaintiff's rights and legal status.

CLAIMS FOR RELIEF

COUNT I

37. Violation of the Administrative Procedure Act
*(5 U.S.C. § 706(2)(A), (C), (D))*

38. Plaintiff repeats and realleges all facts in paragraphs 1-36.

39. Defendants' actions were arbitrary and capricious, contrary to law, in excess of statutory authority, and without observance of procedure required by law, including violations of INA §§ 235, 236, 239, and 240. If Plaintiff was processed in expedited removal proceedings, it was arbitrary and capricious and contrary to law because he was a long-time resident of New York and not an "applicant for admission". Crespo Tacuri v. Genalo, No. 25-cv-06896 (EDNY Jan. 6, 2026);  Section §235(b)(1)(A)(iii)(II) of the INA states that expedited removal proceedings does not apply to a non-citizen who has affirmatively shown that he has "been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility…".  As described herein, ICE and ERO were affirmatively shown that the plaintiff resided in NY for a continuous period well beyond two years. See further 8 CFR §235.3(b)(I)(ii) and Make the Road New York v. Noem, No. 1:25-cv-190 (JMC), 2025 WL 2494908 (DDC Aug. 29, 2025).

40. Plaintiff's arrest was unlawful because it was made without probable cause to believe he is an alien and without probable cause to believe he is a flight risk, as required by 8  USC 1357(a)(2) and 8 CFR 287.8(c)(2)(ii); Refugio Ramierz Orlando et al v. Noem, 25-CV-3183-RBJ, 2025 US Dist LEXIS 234204 (Dist CO, Judge Brooke Jackson, Nov 25, 2025); 8 USC 1226(a) (providing that a non-citizen in the US may be detained by DHS only on a warrant issued by the Attorney General) (emphasis added).

41. Defendants lacked legal authority to summarily remove the Plaintiff, without notice or hearing and in the manner it did because the only lawful means to remove the Plaintiff would have been for the government to afford him a hearing and other due process in section 240 proceedings.

42. The removal was unlawful and the Court may order relief to restore the status quo ante. In this case it would be to permit the return and parole of Mr. Alcantara Moreno to the U.S. so "that his case is handled as it would have been had he not been improperly sent to" Mexico. Noem v. Abrego-Garcia, 602 US ____(2025); No. 24A949 (April 10, 2025); Melgar-Salmeron v. Bondi, No 23-07792 (2d Cir. 2025).

COUNT II

43. Unlawful Agency Action – Failure to Follow Required Procedures
*(5 U.S.C. § 706(2)(D))*

44. Plaintiff repeats and realleges all facts in paragraphs 1-36.

45. Defendants failed to serve Plaintiff and/or his attorney with a charging document, failed to initiate section 240 removal proceedings, and failed to provide a hearing before an Immigration Judge, as required by statute and regulation.

COUNT III

46. APA – Agency Action Contrary to Constitutional Right
*(5 U.S.C. § 706(2)(B))*

47. Plaintiff repeats and realleges all facts in paragraphs 1-36.

48. Defendants' actions violated Plaintiff's Fifth Amendment right to due process, rendering the agency action unlawful under the APA. It is well established that non-citizens, such as Plaintiff, have rights under the US Constitution. *Plyler v. Doe*, 457 U.S. 202 (1982); Zadvydas v. Davis, 533 U.S. 678 , 693-694 (2001) (citing to Plyler, the court held that due process clause applies to `all persons' in the US); see further *Wong Wing* v. *United States,* 163 U. S. 228, 238 (1896) ; *Yick Wo* v. *Hopkins,* 118 U. S. 356, 369 (1886); *Landon v. Plasencia*, 459 U.S. 21 (1982); Mathews v. Diaz, 426 U.S. 67, 77 (1976); United States v. Raya-Vaca, 771 F.3d 1195 (9th Cir. 2014) Yamataya v. Fisher, 189 U.S. 86, 101 (1903); United States v. Mendoza-Lopez, 481 US 828 (1987) (affirming the decision of the lower court dismissing an 8 USC 1326 criminal proceeding for illegal reentry when the underlying deportation was unlawful due to the violation of the petitioners' due process rights).

COUNT IV

49. APA – Action in Excess of Statutory Jurisdiction
*(5 U.S.C. § 706(2)(C))*

50. Plaintiff repeats and realleges all facts in paragraphs 1-36.

51. Defendants acted beyond their statutory authority by deporting Plaintiff absent any due process and lawful removal order.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' arrest, detention, and removal of Plaintiff were unlawful.

B. Declare that Defendants violated the APA, the INA, and the 4th and 5th Amendments to the US Constitution.

6

C. Vacate and set aside Plaintiff's removal order if any,

D. Order Defendants to facilitate Plaintiff's immediate return to the United States under lawful process.

E. Enjoin Defendants from enforcing the unlawful agency action.

G. Grant such other and further relief as the Court deems just and proper.

## ATTORNEY VERIFICATION

I, Michelle Rodriguez, attorney at law, affirm that the above statements are true, except those made upon information and belief, and as to those, I have a good faith reasonable basis to believe they are true.

Date: January 13, 2026                              Respectfully submitted,

_____

Michelle Rodriguez
Attorney for Plaintiff
39-15 Main Street, Suite 502
Flushing, NY 11354
michelle@rodriguezlegal.net
Tel: 917-579-3404 or 718-445-7658
[EDNY Bar No. MR3903]

7