UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
IGNACIO ALCANTARA MORENO,

                Plaintiff,

       -against-

KRISTI NOEM, *et al.*,

                Defendants.
--------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-00176 (OEM)

ORELIA E. MERCHANT, United States District Judge:

Plaintiff Ignacio Alcantara Moreno ("Plaintiff") brings this action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06, against Defendants Kristi Noem, in her official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"); Todd M. Lyons, in his official capacity as the Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); Kenneth Genalo, in his official capacity as Director of ICE Enforcement and Removal Operations; and Joseph Pujol, in his official capacity as Acting Assistant New York City Field Officer Director for ICE (collectively, "Defendants").[1] *See* Complaint for Declaratory and Injunctive Relief, Dkt. 1 ("Complaint" or "Compl."). Plaintiff, who was removed to Mexico in early January 2026, seeks a declaration that his arrest, detention, and removal were unlawful. *Id.* at 6. He also seeks the vacatur of his removal order and an order directing Defendants to facilitate his return to the United States. *Id.* at 7.

Before the Court is Defendants' fully briefed motion to dismiss the Complaint under

---

[1] Where a public officer ceases to hold office while an action is pending, that "officer's successor is automatically substituted as a party." *See* FED. R. CIV. P. 25(d). Here, Defendants Kristi Noem and Todd M. Lyons are replaced by their successors.

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") for lack of subject-matter jurisdiction.[2]

For the following reasons, Defendants' motion to dismiss is granted.

## BACKGROUND[3]

### A. Plaintiff's 1999 Removal and Re-Entry

Immigration authorities first encountered Plaintiff "when he applied for admission into the United States from Mexico through the port of entry located in San Ysidro, California," on April 13, 1999. Declaration of Brian Williams, Sr. ¶ 3, Dkt. 7-1 ("Williams Decl."). Plaintiff presented "an immigration document I-551 (Resident Alien Card) (colloquially known as a 'green card' for lawful permanent residents) issued to one 'Ignacio Vargas-Ocampo,' born in August 1969." *Id.* ¶ 4. However, during a secondary inspection, "[Plaintiff] admitted his true name, Ignacio Alcantara Moreno, and that he had in fact been born in March 1978, and that he was a Mexican national." *Id.*

On April 14, 1999, during an oral interview, Plaintiff admitted that he did not possess valid documentation to enter the United States and "that his cousin had made arrangements to bring him the [fraudulent] document to Tijuana, Mexico." *Id.* ¶ 5. Immigration and Naturalization Services ("INS")[4] subsequently issued a Notice and Order of Expedited Removal, Form I-860, charging Plaintiff as inadmissible pursuant to §§ 212(a)(6)(C)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), codified as amended at 8 U.S.C. §§ 1182(a)(6)(C)(i) and

---

[2] *See* Letter from Defendants to the Court (Mar. 23, 2026), Dkt. 7 ("Mem."); Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, Dkt. 9 ("Opp'n"); Letter from Defendants to the Court (May 8, 2026), Dkt. 10 ("Reply").

[3] As Defendants raise a jurisdictional challenge to the Complaint on factual grounds, the Court considers evidence beyond the pleadings. *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) ("[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." (alteration in original) (quoting *LeBlanc v. Cleveland,* 198 F.3d 353, 356 (2d Cir. 1999))).

[4] The INS was "a forerunner agency that in 2003 was folded into various components of DHS, including U.S. Customs and Border Protection." Williams Decl. ¶ 3.

1182(a)(7)(A)(i)(I).  *Id.* ¶ 6; *see id.*, Exhibit A, Dkt. 7-2 ("1999 Form I-860").  INS also served Plaintiff with a Notice to Alien Ordered Removed/Departure Verification, Form I-296, which set forth the terms of his removal.  Williams Decl. ¶ 7; *see id.*, Exhibit C, Dkt. 7-2 ("Form I-296/Form I-213").  Plaintiff was removed to Mexico that same day.  Williams Decl. ¶ 8.

Plaintiff re-entered the United States at an unknown time and at an unknown location, *id.* ¶ 9, but states that he has resided in the United States for approximately 26 years, Compl. ¶ 7.

**B. Plaintiff's 2025 Arrest and 2026 Removal**

On December 21, 2025, "ICE officers and other federal officers were conducting a targeted enforcement action to locate and arrest a primary target" in Corona, New York.  Williams Decl. ¶ 10.   The officers encountered Plaintiff during the enforcement action, and while the circumstances of the encounter are disputed,[5] ICE arrested Plaintiff and transported him to 26 Federal Plaza, New York, New York ("26 Federal Plaza"), for processing.  *Id.* ¶ 11.

Later that day, ICE provided Petitioner with a Notice of Intent/Decision to Reinstate Prior Order, Form I-871, "which stated that Plaintiff had been identified as an alien ordered removed in 1999 and had illegally reentered on an unknown date, and was subject to removal under the reinstatement of the prior 1999 removal order."  *Id.* ¶ 13; *see id.*, Exhibit E, Dkt. 7-2 ("Form I-871").

Beginning on December 22, 2025, Plaintiff was transported to various facilities to effectuate his removal.  *See* Williams Decl. ¶ 15.  Plaintiff was ultimately transported to Adams

---

[5] The Complaint states that Plaintiff and his son "were suddenly surrounded by masked ICE agents without cause and asked whether they were US citizens.  ICE Agents demanded to see their Identification (ID).  Plaintiff and his son did not respond or provide their IDs to the agents.  Then ICE arrested them."  Compl. ¶ 14.  In contrast, ICE Deportation Officer Brian Williams ("Williams") states that when he and other officers encountered Plaintiff, they "identified [them]selves, and performed a field interview to obtain information on the intended target.  During that interview, Plaintiff provided his name and date of birth, and admitted that he was born in Mexico and is a citizen of Mexico. [Plaintiff] also admitted that he entered the United States illegally by crossing through the Southwest border of the United States from Mexico, and that he lacked any paperwork permitting him to be in the United States."  Williams Decl. ¶ 10.  The officers then, according to Williams, arrested Plaintiff pursuant to a warrant.  *Id.* ¶ 11.

County Correctional Center in New Orleans, Louisiana, and from there was removed to Mexico on January 8, 2026. *Id.* ¶ 17.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The party asserting subject-matter jurisdiction must establish by a preponderance of the evidence that jurisdiction exists. *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).

A motion to dismiss on jurisdictional grounds "'may be either facial,' i.e., based solely on the allegations of the complaint and exhibits attached to it, 'or fact-based,' i.e., based on evidence beyond the pleadings." *Harty v. West Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016)). Facial attacks challenge the sufficiency of the pleading and require the Court to accept all factual allegations in the complaint as true. *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). A factual attack places the "jurisdictional facts . . . in dispute," *Harty*, 28 F.4th at 441, by "proffering evidence beyond the [p]leading[s]," *Carter*, 822 F.3d at 57; *see also Gonzalez v. Northwell Health, Inc.*, 632 F. Supp. 3d 148, 158 (E.D.N.Y. 2022). In resolving factual attacks on jurisdiction, the Court "has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *APWU v. Potter,* 343 F.3d 619, 627 (2d Cir. 2003)).

## DISCUSSION

Defendants assert that "[t]his action is, in substance, a challenge to the orders under which Plaintiff was removed, and therefore is barred because Congress has enacted jurisdiction-stripping

statutes that preclude the district courts from hearing a challenge to the validity of a final order of removal." Mem. at 5. Plaintiff, by contrast, contends that he "is not seeking review of the merits of a removal order" such that a statutory jurisdictional bar is not implicated. Opp'n at 1. Rather, Plaintiff argues that he is seeking "declaratory relief regarding the violation of his Fifth [A]mendment rights when he was removed without due process of law." *Id.* at 3.

The Court lacks jurisdiction. As amended by the REAL ID Act of 2005, 8 U.S.C. § 1252 ("Section 1252") strips federal district courts of jurisdiction over actions that challenge final orders of removal. *De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 615-16 (2d Cir. 2007). Section 1252(a)(5) provides that

> [n]otwithstanding any other provision of the law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition for review filed with the appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.

8. U.S.C. § 1252(a)(5). Thus, Section 1252(a)(5) gives the courts of appeals exclusive jurisdiction over review of final orders of removal. *Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 105 (2d Cir. 2008), *abrogated on other grounds by Castejon-Paz v. Bondi*, 143 F.4th 116 (2d Cir. 2025). As a corollary to Section 1252(a)(5), Section 1252(b)(9) provides that

> [j]udicial review of all questions of law and fact . . . arising from any action taken . . . under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction . . . under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 and 1651 of such title, or by any other provision of the law (statutory or nonstatutory), to review such order or questions of law or fact.

8 U.S.C. § 1252(b)(9).

The plain language of Section 1252(a)(5) precludes district courts from exercising jurisdiction over direct challenges to removal orders. *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). The Second Circuit has interpreted the statute even more expansively, holding that

"section 1252(a)(5)'s jurisdictional bar applies equally to preclude . . . an indirect challenge." *Id.* at 55. Whether a district court has jurisdiction over an action brought against immigration authorities "will turn on the substance of the relief that a plaintiff is seeking." *Id.* at 56; *see also Asylum Seeker Advoc. Project v. Barr*, 409 F. Supp. 3d 221, 224 (S.D.N.Y. 2019) ("'[T]aken together, § 1252(a)(5) and § 1252(b)(9) mean that *any* issue – whether legal or factual – arising from *any* removal-related activity can be reviewed *only* through' a petition for review filed with an appropriate court of appeals." (quoting *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016))).

Consistent with *Delgado*, district courts in this Circuit have dismissed actions filed by noncitizens subject to final orders of removal that they claimed were issued in violation of their due process rights. *See, e.g.*, *Huang v. Bondi*, 26-CV-406 (EK), 2026 WL 318195, at *1 (E.D.N.Y. Feb. 5, 2026) (dismissing a habeas petition for lack of subject-matter jurisdiction and noting that "[t]his Court cannot review the removal order or the due-process challenge to its validity" due to the Section 1252(a)(5) jurisdictional bar); *Oriakhi v. Dep't of Homeland Sec.*, 762 F. Supp. 3d 183, 185-86 (E.D.N.Y. Jan. 8, 2025) (dismissing a habeas petition where the petitioner alleged that his removal order violated his due process rights "because [the court] does not have jurisdiction over any challenge to a removal order that has not been disturbed"), *aff'd*, 25-243-cv, 2026 WL 303642 (2d Cir. Feb. 5, 2026); *see also Delgado*, 643 F.3d at 54-56 (applying the Section 1252(a)(5) and Section 1252(b)(9) jurisdictional bar to a mandamus action bringing APA and constitutional claims, and thereby affirming the district court's dismissal for lack of subject-matter jurisdiction). Further, citing *Delgado*, district courts in this Circuit have dismissed for lack of subject-matter jurisdiction claims that seek an order directing the return of a noncitizen that was removed pursuant to a final order of removal. *See Alomaisi v. Mayorkas*, 20-cv-5059 (VSB) (SLC), 2021 WL

6

3774117, at *2-3 (S.D.N.Y. Aug. 25, 2021) (concluding that Section 1252(a)(5)'s jurisdictional bar applied where a habeas petitioner sought an order returning him to the United States, noting "that whether a challenge is styled as mandamus or habeas corpus or otherwise, [the court] must look to whether, at bottom, a removed non-citizen is seeking to set aside the order of removal entered against him"); *Yearwood v. Barr*, 391 F. Supp. 3d 255, 263 (S.D.N.Y. 2019) ("The ultimate relief that the petitioner seeks — an order returning him to the United States and preventing the respondents from detaining him or removing him during the pendency of any appeals — is a direct challenge to the order of removal, regardless of the fact that the petitioner frames his claim as a challenge to the process through which he was removed.").

Here, as an initial matter, an expedited removal order like the one issued as to Plaintiff in April 1999 is "final" for the purposes of Section 1252(a)(5) and Section 1252(b)(9)'s jurisdictional bar. *See* 1999 Form I-860; *Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("[I]n streamlined removal proceedings . . . the order becomes final immediately upon issuance."); *see also id.* at 289-90 (Sotomayor, J., dissenting) (describing the order at issue as an expedited removal order). Likewise, the order reinstating Plaintiff's April 1999 expedited order of removal in December 2025 is "final" for jurisdictional purposes. *See Delgado*, 643 F.3d at 53-55 (treating the plaintiff-appellant's reinstated expedited removal order as a "final order" for purposes of Section 1252(a)(5)); *Bhaktibhi-Patel v. Garland*, 32 F.4th 180, 192-93 (2d Cir. 2022) (concluding that "a reinstatement decision becomes final once the agency's review is complete" and that the agency's review was complete when a "Decision, Order, and Officer's Certification" was issued), *abrogated on other grounds by Riley*, 606 U.S. 259, *as recognized in Azamov v. Bondi*, 24-1475-ag (L) & 24-3058-ag (CON), 2025 WL 3096713 (2d Cir. Nov. 6, 2025); Form I-871 (indicating the finality of Plaintiff's reinstated removal order through a signed "Decision, Order, and Officer's Certification").

Turning to the substance of Plaintiff's requested relief, *Delgado*, 643 F.3d at 56, Plaintiff seeks a declaration that his arrest, detention, and removal were unlawful; the vacatur of his removal order; and an order directing Defendants to facilitate his return to the United States, Compl. at 5-6. Although Plaintiff frames his claims as a challenge to the process in which he was removed, Compl. ¶¶ 37-51, the ultimate relief he seeks — vacatur of his reinstated removal order and return to the United States — is a direct challenge to his order of removal, *see Yearwood*, 391 F. Supp. 3d at 263. The Court lacks jurisdiction to hear such a challenge. *See, e.g.*, *Yearwood*, 391 F. Supp. 3d at 263; *Alomaisi*, 2021 WL 3774117, at *2-3; *Leybinsky v. USCIS*, 19-CV-6154 (RPK) (LB), 2021 WL 4407829, at *3 (E.D.N.Y. Sep. 26, 2021) (dismissing for lack of subject-matter jurisdiction the plaintiff's request to vacate his removal order).

Plaintiff's arguments to contrary are unavailing. Plaintiff contends that because Defendants violated his constitutional rights, "he should be permitted to seek declaratory judgments and equitable relief in the form of parole of into the United States because it would be the only remedy." Opp'n at 5. However, that relief necessarily involves vacating the reinstated removal order and, as discussed above, challenging the process of removal does not allow a plaintiff to circumvent the jurisdictional bar when they are ultimately challenging the validity of the removal order itself. *See Delgado*, 643 F.3d at 54-56; *Huang*, 2026 WL 318195, at *1; *Oriakhi*, 762 F. Supp. 3d at 185-86.

Additionally, Plaintiff contends that this APA suit is not jurisdictionally barred "because, at the time of Plaintiff's unlawful removal and violation of his rights, he had both an I-130 family-based petition filed by his U.S. citizen son and an application for Military Parole in place pending." Opp'n at 5. That contention, however, runs contrary to binding Second Circuit precedent. In *Delgado*, the plaintiff alleged that United States Citizenship and Immigration Services ("USCIS")

8

violated the APA by declining to adjudicate her Form I-212, waiver of inadmissibility. 643 F.3d at 54. The Second Circuit held that Section 1252(a)(5) and Section 1252(b)(9) barred that claim because a favorable adjudication of the plaintiff's Form I-212 would render her reinstated order of removal invalid, and the claim therefore constituted an indirect challenge to her reinstated order of removal. *Id.* at 55. Here, if the Court were to entertain the instant claims on the grounds that Plaintiff's pending immigration relief may confer him with legal status, the Court would run afoul of *Delgado* and sanction an indirect attack on Plaintiff's reinstated order of removal.

Accordingly, Defendants' motion to dismiss for lack of subject-matter jurisdiction is granted.

## CONCLUSION

For the foregoing reasons, this case is dismissed for lack of subject-matter jurisdiction. The Clerk of Court is directed to enter judgment in accordance with this Memorandum and Order and close this case.

SO ORDERED.

_/s/_____
ORELIA E. MERCHANT
United States District Judge

July 23, 2026
Brooklyn, New York